# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

VALENTINE HOLLINGSWORTH, III
as representative of the Estate of
Valentine Benjamin Hollingsworth,
deceased,
              Plaintiff,

                                                **DECISION & ORDER**
v.                                                       18-cv-6013

ROSELAND WAKEPARK, LLC, et al.
              Defendants.

## Preliminary Statement

Currently pending before the Court are defendant Roseland's motion to compel (Docket # 17) and defendants' Rixen US, LLC and Rixen Cableways GMBH motion for joinder in which they seek to join defendant Roseland's motion to compel (Docket # 19). Oral argument was held on January 10, 2019. For the following reasons, the motion to compel is **denied without prejudice** and the motion for joinder is **denied without prejudice**.

## Background

Plaintiff Valentine Hollingsworth, III ("plaintiff") brought this action for products liability as the representative of his deceased son's estate against Roseland Wake Park, LLC, et al. ("defendants"). This action arises out of tragic events occurring on September 22, 2016. Plaintiff alleges that his son was fatally injured when wakeboarding at defendant Roseland's facility. See Compl. (Docket # 1).

During discovery, defendants requested "full and complete responses" to their requests for production 15 to 23. Docket # 17. The requests ask for information regarding plaintiff's, decedent's, and plaintiff's wife's finances in order to defend against plaintiff's claim for damages for loss of financial support decedent would have provided his parents. Plaintiff objects to the motion as being overbroad, irrelevant, and not proportional to the needs of the case because plaintiff stipulated that he was no longer pursuing a claim for damages for loss of direct financial support. Docket # 22 at 1, 5; Docket # 25.

On December 5, 2018, the parties filed a stipulation of dismissal with respect to plaintiff's damages claims for recovery of lost earnings, benefits, or other financial support arising from the decedent's death. Docket # 25. The defendants contend, however, that plaintiff's claim for "voluntary services" decedent would have provided his parents in the future remains and informed the Court that the requested discovery is still relevant because plaintiff's finances speaks to whether plaintiff could have expected to receive the voluntary services at issue.

## Discussion

Federal Rule of Civil Procedure 26 states that parties are entitled to discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . ." Fed. R. Civ. P. 26(b)(1). Ordinarily,

whether damages for loss of direct financial support are recoverable by a parent from the death of a child depends on the extent to which the child would have volunteered to support the parent, which in turn depends on the parent's need for that support. In re Air Crash Near Clarence Center, New York, on February 12, 2009, Nos. 09-MD-2085, 09-CV-440S, 09-CV-379S, 09-CV-378S, 09-CV-294S (WMS), 2013 WL 5936975, at *4 (W.D.N.Y. 2013).

At oral argument, plaintiff's counsel clarified that while plaintiff is still claiming damages for loss of voluntary services, the claim is not based on plaintiff's financial need for those services or on any "legal obligation" decedent has to provide for or pay for those services. Rather, plaintiff's claim is for the loss of voluntary services he would have "preferred" his son provide based on their father-son relationship. According to plaintiff's counsel, plaintiff is entitled to recover the monetary value of those voluntary services even though decedent's parents have the financial resources and assets to easily pay for those services. Indeed, plaintiff's counsel indicated that her client would be willing to stipulate that decedent's parents had ample financial assets that would be more than sufficient to fund the "voluntary services" they would have preferred to receive from their son. When asked by the Court what specific "voluntary services" her client wants to present to the jury as part of his damages claim, counsel deferred providing a specific list during

the motion hearing. Nevertheless, plaintiff's counsel argued that in light of plaintiff's willingness to agree that (1) his son was under no legal obligation to provide any services to his parents and (2) that plaintiff will not argue that he actually needed any financial support from his son to provide the services that he would have "preferred" to receive from him, the defendants' demand for discovery of financial information from them would be moot.

In order to resolve this motion, plaintiff is directed to set forth <u>with specificity</u> the particular "voluntary services" he claims his son would have provided. If plaintiff will claim a particular monetary value of those "voluntary services" as any part of his damage claim, that amount shall be disclosed along with how the value for each "service" was calculated. Plaintiff's counsel is further directed to provide to defense counsel a proposed stipulation that counsel represented to the Court would render the disputed discovery demands moot. Such submissions shall be provided <u>within 30 days</u> of entry of this Order. Should there remain a disagreement as to whether the stipulation renders the discovery demands moot, defendants may refile their motion to compel.

### Conclusion

For the foregoing reasons, defendant Roseland's motion to compel is **denied without prejudice**. Defendants' Rixen US, LLC and

Rixen Cableways GMBH motion for joinder is **denied without prejudice**.

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated:   January 11, 2019
         Rochester, New York