UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
VALENTINE HOLLINGSWORTH, III
as representative of the Estate of
Valentine Benjamin Hollingsworth,
deceased,
                  Plaintiff,
    v.                                        DECISION & ORDER
                                                          18-cv-6013
ROSELAND WAKEPARK, LLC, et al.
                  Defendants.
_____

## Preliminary Statement

Currently pending before the Court are defendant Roseland's renewed motion to compel documents responsive to its discovery requests (Docket # 29); defendants' Rixen US, LLC and Rixen Cableways GMBH motion to compel in which they seek to join defendant Roseland's motion to compel (Docket # 31); and plaintiff's motion for a protective order (Docket # 32). A motion hearing was held on May 6, 2019. For the reasons that follow, defendants' motions (Docket ## 29, 31) are **denied without prejudice to renew** and plaintiff's motion (Docket # 32) is **denied in part and denied without prejudice to renew in part.**

## Discussion

The parties' familiarity with the full facts of this case is presumed as set forth in the Court's January 11, 2019 Decision and Order. See Docket # 27. Defendants again seek documents responsive to their requests for production, which ask for a host of plaintiff's financial information. See Docket # 29. Plaintiff seeks relief from responding to those requests, as well as an award

1

of associated costs, and to limit the length of witness depositions. See Docket # 32.

Defendants declined to enter into the stipulation plaintiff provided pursuant to the Court's previous Order, which limited plaintiff's claim for damages to the pecuniary value of his son's voluntary services that plaintiff would have preferred his son, rather than a third party, provide on the basis of their familial relationship. Defendants reasserted that not having "access to the relevant evidence and the actual value of the Hollingsworths' assets, would prejudice [their] ability to establish to contest [sic] [plaintiff's] claim for voluntary loss of services." Docket # 29-6. Plaintiff's counsel asserts that while these damages are "unique," plaintiff is nonetheless entitled to seek and recover pecuniary loss attributable to plaintiff's and his wife's loss of their ability to have their child manage their financial and personal affairs due to the untimely death of their child. The defendants' position is also clear: Plaintiff is not entitled to this type of damages as a matter of law. Accordingly, the nature of the damages sought having been clarified on the record, defense counsel informed the Court that they intend to make a dispositive motion dismissing plaintiff's "voluntary services" damages claim.

Because the outcome of that dispositive motion may (1) obviate the need for the Court to resolve the current discovery dispute and (2) provide guidance to the parties and this Court as to the

nature and scope of damages discovery, the defendants shall have until **June 30, 2019** to file their motion for summary judgment on the damages issue. However, there is no basis to delay other discovery and the parties shall proceed with all scheduled depositions.

## Conclusion

Defendants' motions to compel (Docket ## 29, 31) are **denied without prejudice to renew** until after the motion for summary judgment is decided by Judge Telesca. All other discovery shall proceed as scheduled. Plaintiff's motion for a protective order (Docket # 32) seeking relief from answering defendants' requests for production is **denied without prejudice to renew** until after the motion for summary judgement is decided. Plaintiff's motion for a protective order (Docket # 32) is **denied** with respect to the request to limit the length of witness depositions – defendants are entitled to depose plaintiff's witnesses for a total of seven (7) hours per witness under Federal Rule of Civil Procedure 30(d)(1).

**IT IS SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: May 7, 2019
Rochester, New York